UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WALTER F. SCOTT, )
)
        Plaintiff, )
)
v. ) No. 4:06-CV-577-CAS
)
CITY OF VELDA CITY POLICE DEPARTMENT, )
et al., )
)
        Defendants. )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Walter F. Scott for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary and injunctive relief in this action against defendants City of Velda Police Department, Robert L. Hensley, Etheria Thompson, Milton Isaiah, Unknown Members Police Board, Irma Hamm, City of Velda, Velda City Board of Alderpersons, Sherman Curtis, Althea Morris, Arthur J. Ruffin, Melda Bernard Collins, Allied Services, L.L.C., and Casey Powers.

The instant action arises out of plaintiff's alleged nonpayment of trash collection services provided by Allied Waste Services. Liberally construing the complaint, plaintiff is claiming that defendants violated his constitutional rights "when

Police Officer(s) acting for a City governmental body, in a plan or scheme to provide or assist in the collection of a debt for a private entity" issued an "unlawful, premature summons from the City of Velda City to [him], to pay a trash bill to Allied Waste Services." In addition, plaintiff challenges the lawfulness of "Ordinance 230.080," and he claims that defendants deprived him of "his rights of peace, comfort, prosperity, safety, general welfare, [and] privileges or immunities secured by the United States Constitution."

On April 10, 2006, plaintiff filed a separate motion for temporary restraining order [Doc. #5] in which he states that he "is being harassed by the Defendants' issuance of Complaint-Information-Summons, hand served to [him] on March 28, 2006, and again on April 9, 2006." On April 4, 2006 plaintiff filed a notice of removal of Case Numbers C24256 and C24271 from the Municipal Court of the City of Velda City, Missouri [Doc. #8].

In Younger v. Harris, 401 U.S. 37, 46 (1971), the Supreme Court directed federal courts to abstain from hearing cases where "the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." Harmon v. City of Kansas City, Missouri, 197 F.3d 321, 325 (8th Cir. 1999); see also, Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996).

3

Having carefully reviewed the case at bar, the Court concludes that the Younger criteria are satisfied and that abstention is warranted. Plaintiff states that there are ongoing state judicial proceedings "arising out of the same cause of action [to] this case"; plaintiff's allegations implicate important state interests, particularly with regard to the constitutional validity of a local ordinance; and an adequate opportunity exists in the state proceedings to raise constitutional challenges. Finding no "extraordinary circumstances" that would justify interfering with pending state judicial proceedings, the Court will dismiss the instant action, without prejudice, and remand Case Numbers C24256 and C24271 to the Municipal Court of the City of Velda City, Missouri. See Younger, 401 U.S. at 43-44.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that, based upon the Younger abstention doctrine, the Clerk shall not issue process or cause process to issue in this action.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order [Doc. #5] is **DENIED.**

**IT IS FURTHER ORDERED** that Case Numbers C24256 and C24271 are hereby **REMANDED** to the Municipal Court of the City of Velda City, Missouri.

**IT IS FURTHER ORDERED** that defendant City of Velda City's motion to remand [Doc. #12] is **DENIED**, as moot.

An appropriate order shall accompany this order and memorandum.

Dated this  15th  day of  May , 2006.

_____
**UNITED STATES DISTRICT JUDGE**